UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KELLI D. HEWITT

VERSUS

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-50-SCR

### RULING ON SOCIAL SECURITY APPEAL

Plaintiff Kelli D. Hewitt brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability and supplemental security income ("SSI") benefits.

For the reasons which follow the Commissioner's decision is affirmed.

### Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is

relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful

2

activity. 20 C.F.R. § 404.1505 and § 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for disability benefits. 20 C.F.R. § 404.1520 and § 416.920. In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment(s), (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his or her impairment matches a listed impairment the must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525 and § 416.925.

The burden of proving disability rests on the claimant through the first four steps. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the

3

burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, *supra*. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

It is well established that in cases brought under 42 U.S.C. §405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1,2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985); *Haywood v. Sullivan*, 888 F.3d 1463, 1471 (5th Cir. 1989). It is equally well established that when such evidence is submitted by a party on judicial review, the court considers the evidence only to determine whether remand is appropriate under the second clause of sentence six of § 405(g). *Id*. The applicable portion of sentence six of § 405(g) provides in the second clause that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

To justify this type of remand the evidence must be (1) new, (2)material, and (3) good cause must be shown for the failure to

4

incorporate the evidence into the record in the original proceeding. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Implicit in the materiality requirement is that the new evidence must relate to the time period for which benefits were denied, and that it not concern evidence of a later acquired disability, or the subsequent deterioration of a previously nondisabling condition. *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). For new evidence to be material there also must exist the reasonable possibility that it would have changed the outcome of the Commissioner's determination. *Latham*, 36 F.3d at 483.

## Background

Plaintiff was 41 years old at the time of the hearing decision, and attended school through the eleventh grade. AR pp. 33-34, 139.[1] AR pp. 26-27, 141. Plaintiff's past relevant work from 1991 through June 1, 2008 consisted primarily of work as a cashier and office clerk. AR pp. 36-39, 145-46, 152-58.

In her June 2009 applications for disability and SSI benefits, the plaintiff alleged that she has been unable to work since June 1, 2008 due to polycystic kidney disease and pain. AR pp. 122-44.

---

[1] Under the regulations this placed the plaintiff in the classification of a "younger person," with a limited education. 20 C.F.R. §§ 404.1563(c) and 404.1564(b)(3); §§ 416.963(c) and 416.964(b)(3).

5

The applications were initially denied and the plaintiff requested a hearing before an administrative law judge ("ALJ"). AR pp. 82-87. An ALJ hearing was held on June 21, 2010, and the ALJ issued an unfavorable decision on September 24, 2010. AR pp. 8-66.

At the second step, the ALJ reviewed all the evidence and concluded that the plaintiff had the following combination of severe impairments - polycystic kidney disease, diabetes, and degenerative joint disease of the lumbar spine. AR p. 13. However, the ALJ found that the plaintiff's headaches, mental impairments, medication side effects, and alleged stomach problems were not severe under the standard of *Stone v. Heckler*.[2] AR pp. 13-19. At step three, the ALJ found that the plaintiff's combination of impairments did not meet or medically equal one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1.[3]

Before proceeding to the fourth step the ALJ had to determine the plaintiff's residual functional capacity ("RFC"). The ALJ found that the plaintiff's severe impairments left her with a residual functional capacity to perform the exertional demands of

---

[2] 752 F.2d 1099 (5th Cir. 1985).

[3] At the third step the medical evidence of the claimant's impairments are compared to a list of impairments presumed to be severe enough to preclude any gainful activity. If a claimant's impairments match or equal one of the listed impairments, he or she qualifies for benefits without additional inquiry. *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000).

6

sedentary work as defined in the regulations,[4] and limited her to climbing, balancing, stooping, kneeling crouching and crawling on an occasional basis. AR p. 16. The ALJ also included a nonexertional limitation in her finding - the plaintiff needed to alternate sitting and standing about every hour. Based on this RFC, the ALJ asked vocational expert Lionel Verlawn whether the plaintiff would be able to engage in any of her past employment, or make a successful adjustment to other work as defined in the regulations. The expert testified that the plaintiff could make an adjustment to other jobs that exists in significant numbers in the national economy, namely, receptionist and telephone operator. Based on this vocational testimony, which the ALJ cited in her decision, the ALJ concluded that the plaintiff could not do her past relevant work, but she was capable of doing alternative work. Therefore, at the fifth step the ALJ found that the plaintiff was not disabled. AR pp. 16-21, 60-65.

Plaintiff filed a request for review by the Appeals Council. The Appeals Council considered the plaintiff's arguments and some additional evidence provided by the plaintiff,[5] but found no basis

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a) and § 416.967(a).

[5] AR pp. 539-46.

7

to review the ALJ's findings. On November 22, 2011 the Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner. AR pp. 1-7.

**Analysis**

After the Appeals Council issued its decision the plaintiff filed this petition for judicial review. Plaintiff argued that the ALJ erred at the second step by finding that her only severe impairments were polycystic kidney disease, diabetes and degenerative lumbar disease, effectively ignoring many of her other conditions/impairments. In the alternative, the plaintiff argued that the following new evidence demonstrates that benefits should be awarded or the case reversed and remanded: (1) an MRI of the lumbar spine dated July 20, 2010;[6] and, (2) lab results from April and June 2012 and an April 27, 2012 letter from Ochsner regarding evaluation of the plaintiff for a kidney transplant.

Review of the administrative record as a whole demonstrates that the claims of reversible error urged by the plaintiff are without merit, and that substantial evidence supports the final decision of the Commissioner. Furthermore, the new evidence provided by the plaintiff on judicial review does not satisfy the criteria for remand under the second clause of sentence six of § 405(g).

---

[6] AR p. 540.

### 1. The ALJ's decision complies with the relevant legal standards for evaluating the severity of impairments, and her findings are supported by substantial evidence.

Although the ALJ found at step two that the plaintiff's combination of severe impairments consisted of polycystic kidney disease, diabetes and degenerative lumbar joint disease, in her analysis she did not ignore the plaintiff's other alleged impairments. Rather, the ALJ specifically considered each one of them alone and in combination under the correct legal standards,[7] and the findings were supported by substantial evidence. AR pp. 13-16.

<u>Mental Impairments</u>. Plaintiff argued that the ALJ should have found she had a severe mental impairment as a result of depression, pain disorder, reading/learning disorder and borderline intellectual functioning. However, it is evident from the ALJ's decision that she thoroughly considered all the evidence related to the plaintiff's alleged mental impairments, and decided to credit and give more weight to the evaluation of the state agency psychological consultant Jeanne George, Ph.D., rather than the report of the consulting psychological examiner, Fred L. Tuton. AR pp. 14-15, 423-44. George's evaluation explained how Tuton's conclusions were not supported by objective testing and other evidence contained in the record, and cited other evidence that

---

[7] The ALJ cited the correct legal standards governing severity of impairments - *Stone v. Heckler*, *supra*, and *Fraga v. Bowen*, 810 F.2d 1296 (5th Cir. 1987)(ALJ must analyze the effect of each impairment and the combined effect of all impairments in reaching a decision on severity). AR pp. 13-14.

supported her findings. AR pp. 430-43.[8] It is the role of the ALJ to weigh the evidence and decide any conflicts in the evidence. The ALJ's reliance on the George's report constitutes substantial evidence to support the finding that the plaintiff's alleged mental impairments were non-severe.

Migraine Headaches. The ALJ also specifically addressed the evidence related to the plaintiff's migraine headaches. The ALJ noted that the plaintiff was diagnosed with this type of headache in July 2009. However, by the next month the records showed that the medication prescribed for the headaches successfully treated them. AR pp. 14, 18, 398-404. The subsequent medical records did not indicate any more complaints about frequent and/or severe headaches, or limitations resulting from migraine headaches. Furthermore, the plaintiff's doctors consistently reported findings on physical, neurological exams and tests as normal or unremarkable.[9] The ALJ's conclusion that the plaintiff's migraines do not constitute a severe impairment is supported by substantial evidence.

Medication Side Effects. Plaintiff argued that the ALJ erred by failing to find that side effects caused by her medications - dizziness, drowsiness, lightheadedness - were severe or disabling. Again, the ALJ addressed this evidence in her written decision. AR

---

[8] See also, AR pp. 32-33, 35, 146.

[9] See, for example, AR pp. 211, 216, 266, 299-300, 303, 308, 311, 347, 351-53, 355, 359, 364, 373, 377, 399, 403, 406, 471, 474, 493, 499, 507, 510, 516-20.

p. 19. The ALJ noted the plaintiff's testimony that she was unable to work due to side effects of medication. The ALJ considered this testimony in light of the medical and other evidence and found that it was not credible because the records did not document these alleged side effects. A review of the medical evidence supports this conclusion. The ALJ's finding that any medication side effects were not severe or disabling was supported by substantial evidence.

<u>Hypertension</u>. Plaintiff's problems with kidney disease and hypertension are well-documented in the medical records. Review of the ALJ's decision shows that she specifically addressed the plaintiff's poorly controlled hypertension, and determined that it "very well may limit her ability to perform work-related activities." AR p. 18. Considering the medical evidence the ALJ reduced the plaintiff's exertional RFC to sedentary rather than the light work indicated in the report of the state agency medical consultant, Dr. Fred Ruiz. Therefore, even though hypertension is not included in the ALJ's finding of severe impairments at step two, the ALJ in fact found it was one of the plaintiff's severe impairments and considered it in determining the plaintiff's RFC. Consequently, any error in failing to specifically cite hypertension as one of the plaintiff's severe impairments in the ALJ's finding at step two is harmless error.[10]

---

[10] The primary policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 (continued...)

Gastrointestinal Problems. Finally, the plaintiff argued that the ALJ did not consider her gastrointestinal problems such as heartburn, nausea and diarrhea in determining the severity of her impairments. The record shows that the ALJ did consider the plaintiff's testimony regarding stomach problems in light of the medical records, but found no basis to conclude that these problems limited the plaintiff's ability to perform work-related activities. AR p. 18. Even if this condition meets the definition of an "impairment" under the regulations,[11] the plaintiff did not cite, and the record does not contain, any evidence that it affected the plaintiff's ability to perform the exertional or nonexertional demands of work.

The ALJ evaluated the severity of the plaintiff's multiple impairments under the proper legal standards and her findings are supported by substantial evidence.

---

[10](...continued)
F.2d 1362, 1364 (5th Cir.1988). Thus, procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

[11] An alleged impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and must have lasted or be expected to last for a continuous period of at least 12 months. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. §§ 404.1508 and 404.1509; 20 C.F.R. §§ 416.908 and 416.909.

### 2. The ALJ's RFC finding and finding at step five that the plaintiff is not disabled because she can perform alternative work, are supported by substantial evidence.

The RFC finding is the foundation of the determinations at steps four and five of the disability analysis.[12] The record contains substantial evidence to support the ALJ's finding that as of date of the decision the plaintiff had the following RFC: "the residual functional capacity to perform sedentary work... with the ability to climb, balance, stoop, kneel, crouch and crawl on an occasional basis and with the need to alternative sitting and standing about every hour." AR p. 16. Substantial evidence to support this assessment of the plaintiff's RFC is found in the report of the state agency medical consultant, Dr. Ruiz, the consultative examination of Dr. Adeboye Francis, and the plaintiff's daily activities.[13] The ALJ included this RFC in her question to the vocational expert, and the expert testified that given this RFC and the plaintiff's age, education and past work experience, there were a significant number of jobs in the national economy that the plaintiff would able to do - receptionist and telephone operator. The Commissioner's carried her burden to show that the plaintiff is able to engage in alternative work that exists in significant numbers in the national economy.

---

[12] The residual functional capacity determination is used at the fourth step to determine whether the claimant can do her past relevant work, and at the fifth step to determine if the claimant can adjust to other work in the national economy. 20 C.F.R. § 404.1520(e).

[13] AR pp. 35-36, 48-51, 54-57, 163-67, 374, 416-20, 445-53.

**2. Plaintiff's new evidence from 2012 does not satisfy the criteria for a sentence six remand to the Commissioner.**

Plaintiff attached to her appeal memorandum new evidence regarding her kidney disease. This new evidence unfortunately shows that as of April and June 2012, the plaintiff's chronic kidney disease had deteriorated to Stage IV and the plaintiff had applied to be a candidate for a kidney transplant.[14] This evidence, which did not arise until 2012, is clearly new and could not have been submitted at the administrative level.[15] However, it does not meet the materiality requirement for a sentence six remand. To be material, the new evidence must relate to the time period for which benefits were sought. It cannot be evidence of a disability that is acquired later, or the deterioration of a condition that was previously nondisabling. Review of the new evidence submitted shows that almost two years after the ALJ's decision, the plaintiff's once stable, severe polycystic kidney had deteriorated to the point where her case was being reviewed for a kidney transplant. Under the applicable law, evidence of this worsening of the plaintiff's condition so long after the ALJ's decision became final, is not relevant to her condition at that time. Thus, the new evidence does not "warrant a remand because evidence of deterioration of a condition resulting after the period for which

---

[14] Record document number 12-1, pages 1-5.

[15] Plaintiff also appeared to argue that a July 2010 MRI (AR p. 540) is new evidence. However, this evidence was submitted and considered by the Appeals Council and it is part of the administrative record. It is not new evidence.

benefits are sought is not material." *Joubert v. Astrue*, 287 Fed.Appx. 380 (5th Cir. 2008); *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

Plaintiff's failure to demonstrate that the new evidence is material, necessitates denial of the plaintiff's request for a remand under sentence six of § 405(g).

## Conclusion

Plaintiff's arguments and the administrative record have been carefully considered. Review of the administrative record as a whole and the analysis above demonstrates that (1) the claims of reversible error raised by the plaintiff are without merit; (2) substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled; and, (3) the new evidence submitted to the court on judicial review does not satisfy the standards for remand under the second clause of sentence six of 42 U.S.C. § 405(g).

Accordingly, under sentence four of 42 U.S.C. §405(g), the final determination of the Commissioner that plaintiff Kelli D. Hewitt is not disabled and denying her application for disability and supplemental security income (SSI) benefits, is affirmed. A judgment shall be entered dismissing this action.

Baton Rouge, Louisiana, September 30, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE